UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY EDGAR HUNTER,

Plaintiff,

v.                                                    CAUSE NO. 3:26-CV-505-CCB-SJF

PETAL and BARLOW,

Defendants.

## OPINION AND ORDER

Zachary Edgar Hunter, a prisoner without a lawyer, filed a complaint suing two

medical professionals alleging they did not provide him constitutionally adequate

medical treatment for his broken jaw. ECF 2. "A document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C.

§ 1915A, the court must review the merits of a prisoner complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief.

Hunter alleges Dr. Petal and Nurse Barlow worked for Wexford Medical at the

Westville Correctional Facility in 2024. However, Wexford has not provided medical

services for the Indiana Department of Correction since June 30, 2021. Without regard

for who employed them, he alleges Dr. Petal saw him the day after his jaw was broken,

ordered an x-ray, gave him an injection for pain, and scheduled him to see an outside

specialist. He alleges Nurse Barlow saw him a week later for a foot problem and told

him she would make sure he saw the outside specialist for his jaw. He was seen by an outside specialist the next day.

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (cleaned up). This complaint does not allege facts from which it can be plausibly inferred that either Dr. Petal or Nurse Barlow were deliberately indifferent to Hunter's need for medical treatment for his broken jaw.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Hunter believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Hunter must also resolve his filing fee status by either paying the filing fee or seeking leave to proceed in forma pauperis with an official copy of his prisoner trust fund account statement showing every transaction for the last six months.

For these reasons, the court:

(1) **GRANTS** Zachary Edgar Hunter until **May 29, 2026**, to resolve his filing fee status and file an amended complaint; and

(2) **CAUTIONS** Zachary Edgar Hunter if he does not respond by the deadline, he will be assessed the full filing fee and this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 17, 2026

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3